THIRD DEPARTMENT, DECEMBER, 1985

(December 5, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRENT HACKER, Appellant.—Main, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered March 3, 1982, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree and robbery in the first degree.

Defendant and codefendant Brian E. Jayne were indicted on October 23, 1981 for the crimes of rape in the first degree and

robbery in the first and second degrees. Defendant was also indicted for sodomy in the first degree. Janet Sprague, the alleged victim, had picked defendant's photograph out of a photographic array and had identified him in a pretrial lineup. After conducting a suppression hearing, County Court ruled that the identification proceedings used here were not suggestive. The court, while suppressing most of defendant's responses to police questioning, found admissible his initial response to the police that he had been with Jayne during the relevant time. Additionally, County Court denied a motion for severance of the trials of defendant and Jayne.

Defendant first argues that the pretrial identification procedures used by the police in this case were unnecessarily suggestive, contrary to the finding of County Court. We conclude that, despite the fact that the procedures employed here may indeed have been suggestive, the People showed by clear and convincing evidence that the in-court identification of defendant by Sprague was based upon her independent observation of him just prior to the commission of the crimes *(see, People v Adams,* 53 NY2d 241, 252; *People v Tanner,* 103 AD2d 952).

We turn next to defendant's contention that County Court erred by refusing to suppress his statement to the police that he had been in the company of Jayne on the night in question because such statement was made before he was advised of his *Miranda* rights and at a time when he was represented by counsel on an unrelated criminal charge. This argument is without merit since it cannot be said that County Court's determination that defendant was not in custody at the time when he made the statement is erroneous as a matter of law *(see, People v Yukl,* 25 NY2d 585, 588, *cert denied* 400 US 851), since the *Rogers-Bartolomeo* rule *(People v Bartolomeo,* 53 NY2d 225; *People v Rogers,* 48 NY2d 167) does not apply if a suspect, such as defendant, is not in custody at the time of questioning *(see, People v Hauswirth,* 89 AD2d 357, *affd* 60 NY2d 904).

As for defendant's argument that County Court committed error in denying his motion to sever his trial from that of Jayne, we note that this issue was addressed on Jayne's appeal to this court, and we now reject defendant's argument for the same reasons *(see, People v Jayne,* 99 AD2d 589, 590-591). We have examined defendant's remaining arguments and find them to be lacking in merit.

Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.