■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE DROZD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered April 13, 1982, convicting him of burglary in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The commission of the burglary by the defendant was established beyond a reasonable doubt in that the defendant was found in conscious, recent and exclusive possession of the fruits of the crime and did not offer any credible explanation as to how those fruits were obtained (see, People v Shurn, 69 AD2d 64).

The other claims asserted by the defendant on appeal relate to matters which were not raised at trial and therefore are unpreserved for review as a matter of law (see, CPL 470.05 [2]; People v Thomas, 50 NY2d 467). Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EISENREICH, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered July 19, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant explicitly declined to join in his codefendant's motion for a severance of his and his codefendant's trials pursuant to CPL 200.40. Therefore, he has failed to preserve any issue of law with respect thereto for appellate review (CPL 470.05 [2]); in any event, the defendant's and his codefendant's statements were interlocking and, therefore, it was not an abuse of discretion to deny the codefendant's motion for a severance (see, People v Cruz, 66 NY2d 61, 69; CPL 200.40 [1] [c]). The defendant's remaining contentions are without merit. Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.