■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE JEFFERSON, Appellant. [616 NYS2d 730] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 7, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, and judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered December 18, 1990, convicting defendant, upon his plea of guilty, of a violation of probation, and sentencing him to a term of 5 to 15 years, to be served concurrently, unanimously affirmed.

The undercover officer described the man who sold her crack for $20 as black, 5 feet 9 inches to 5 feet 10 inches tall, 150 to 155 pounds, and wearing a rust sheepskin coat, black furry hat, and blue jeans. Defendant, who was arrested near the place of the sale, is 5 feet 7 inches and 140 pounds, and was wearing a rust sheepskin coat and a dark furry hat. The undercover officer made a drive-by identification of defendant shortly after the sale and then confirmed the identification a second time in court based on her three-minute, face-to-face encounter with the seller.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable

inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of criminal sale of a controlled substance in the third degree. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The issues raised by defendant concerning the credibility of the undercover officer, including those that arose by her failure to note certain of defendant's distinctive facial characteristics in her radio report, were properly placed before the jury, and, after considering the competing inferences that may be drawn therefrom, we find no reason to disturb its determination. Concur—Ellerin, J. P., Ross, Asch, Rubin and Williams, JJ.