■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGSHER TORRES, Appellant. [648 NYS2d 36] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered May 1, 1995, convicting him of robbery in the third degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's charge to the jury regarding recent and exclusive possession of the fruits of a crime was erroneous because it failed to clarify that there were two permissible inferences of guilt which could be drawn from the facts. We disagree. As there was no evidence indicating that the defendant may have received the stolen property from someone after the robbery was committed, the only inference of guilt that the jury could have drawn was that the defendant committed the theft *(see, People v Baskerville,* 60 NY2d 374, 382).

In addition, the commission of the robbery by the defendant was established by legally sufficient evidence in that the defendant was found in recent and exclusive possession of the fruits of the crime and did not offer any credible explanation as to how those fruits were obtained *(see, People v Drozd,* 121 AD2d 561). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Joy, Altman and Hart, JJ., concur.