■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MITCHELL, Appellant. [743 NYS2d 762] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered October 4, 2000, convicting defendant after a jury trial of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of robbery in the second degree (Penal Law § 160.10 [1]) following a joint trial with two codefendants. We reject defendant's contentions that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence (*see People v Camacho*, 288 AD2d 947, *lv denied* 97 NY2d 702). We reject defendant's further contention that Supreme Court erred in its supplemental charge on asportation. As we concluded in the prior appeal of a codefendant, the court "properly instructed the jury that the movement of the property by the owner from his physical possession as a result of threats by defendants may constitute the degree of movement required by law" (*id.* at 948; *see also People v James*, 981 P2d 637, 641 [Colo], *cert denied* 1999 Colo LEXIS 707 [Sup Ct, July 26, 1999]; *Wright v State*, 487 So 2d 1176, 1178 [Fla]; *Johnson v State*, 432 So 2d 758, 759 [Fla]; *People v Price*, 25 Cal App 3d 576, 579, 102 Cal Rptr 71, 73; *People v Martinez*, 274 Cal App 2d 170, 174, 79 Cal Rptr 18, 20). Finally, the court did not err in admitting evidence of uncharged crimes because the evidence was necessary "to complete the narrative of events to assist the jury in its comprehension of the crime" (*People v Hamid*, 209 AD2d 716, 717, *lv denied* 87 NY2d 973; *see People v Zanghi*, 256 AD2d 1120, 1121, *lv denied* 93 NY2d 881). In any event, the court's limiting instructions to the jury eliminated any prejudice to defendant (*see People v Glass*, 259 AD2d 989, *lv denied* 93 NY2d 924). Present—Pigott, Jr., P.J., Hayes, Kehoe, Gorski and Lawton, JJ.