■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH THOMPSON, Appellant. [748 NYS2d 829] —Appeal from a judgment of Supreme Court, Monroe County (Cornelius, J.), entered October 22, 1998, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that Supreme Court erred in denying his suppression motion because he was arrested without probable cause. We conclude that the police lawfully arrested defendant following his sale of narcotics to an undercover officer during the course of a "buy and bust" operation. The description of the seller broadcast by the undercover officer was sufficiently specific to provide his fellow officers with probable cause to arrest defendant, particularly in view of the fact that defendant was arrested at the specified location immediately after the drug sale

and was the only person in the vicinity who matched the description (*see People v Ortiz,* 291 AD2d 273; *People v Rampersant,* 272 AD2d 202, 203, *lv denied* 95 NY2d 870; *see also People v Acevedo,* 181 AD2d 596, 596, *lv denied* 79 NY2d 1045). Also contrary to defendant's contention, the subsequent showup identification by the undercover officer who purchased the drugs from defendant, which procedure took place at or near the scene of the crime and within minutes thereof, was permissible in the interest of prompt identification (*see People v Ortiz,* 90 NY2d 533, 537; *see generally People v Duuvon,* 77 NY2d 541, 544). In any event, the undercover officer's identification of defendant was merely confirmatory, and thus a *Wade* hearing was not required (*see People v Wharton,* 74 NY2d 921, 922-923; *People v Sparkman,* 278 AD2d 875, *lv denied* 96 NY2d 807; *People v Benitez,* 221 AD2d 965, 965, *lv denied* 87 NY2d 970; *see also People v Reed,* 197 AD2d 866, *lv denied* 82 NY2d 901). Present—Pine, J.P., Hayes, Kehoe, Gorski and Lawton, JJ.