■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL PALMER, Appellant. [750 NYS2d 275] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered January 24, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility and identification, including the weight to be given to any minor inconsistencies in testimony, were properly considered by the trier of facts and there is no basis for disturbing its determinations. There was ample evidence of defendant's guilt, including a reliable identification by the undercover officer which was supported by the recovery of prerecorded buy money from an accomplice, as well as the fact that the key recovered from defendant worked in the door of the apartment in which the drug transaction was completed. Defendant's conviction of criminal sale of a controlled substance in or near school grounds was established by evidence that although the drug sale was completed in an apartment, it started in the lobby of

the building, an area accessible to the public within the requisite distance from a school (*see* Penal Law § 220.00 [14]; *People v Perez*, 277 AD2d 1, *lv denied* 96 NY2d 737).

Defendant's general objection failed to preserve his claim that the People improperly introduced evidence of uncharged crimes and we decline to review it in the interest of justice. Were we to review this claim, we would find that under the circumstances of the case, the simple mention of the fact that an officer drafted a complaint report in which he took down information from a civilian who had consented to the search of the apartment in question did not suggest to the jury that defendant was involved in any crime other than the drug offenses for which he was on trial.

During the polling of the jury, a juror gave an allegedly equivocal answer, whereupon, at defendant's request, the court made a further inquiry of the juror in question. Since, at the end of such inquiry, defendant made no further objection or application, his claim that the court should have made a further inquiry to ensure the unanimity of the verdict is unpreserved (*People v Mercado*, 91 NY2d 960), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's inquiry was sufficient since the juror did not express uncertainty or claim duress.

We find no basis for disturbing the sentence. Concur—Tom, J.P., Andrias, Saxe, Rubin and Friedman, JJ.