■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SHORTER, Appellant. [758 NYS2d 893] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered May 2, 2002, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and one count of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The issues raised by defendant concerning the alleged lack of specificity of the description of the suspect used by the police were properly placed before the jury (*see People v Jefferson*, 207 AD2d 753, 754 [1994], *lv denied* 84 NY2d 1012 [1994]; *see also People v Collardo*, 205 AD2d 796, 797 [1994], *lv denied* 84 NY2d 934 [1994]), and the failure to recover the buy money or drugs from defendant does not render the verdict against the weight of the evidence (*see People v Villanueva*, 193 AD2d 382, 383 [1993], *lv denied* 82 NY2d 728 [1993]).

Contrary to defendant's further contention, the drive-by identification of defendant near the scene of the crime by the undercover officer who had purchased the drugs from him a few minutes earlier was permissible in the interest of prompt identification (*see People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Thompson*, 298 AD2d 869, 870 [2002], *lv denied* 99 NY2d 565 [2002]). In any event, the undercover officer's identification of defendant was merely confirmatory (*see People v Wharton*, 74 NY2d 921, 922-923 [1989]; *Thompson*, 298 AD2d at 870; *People v Cuthrell*, 284 AD2d 982, 983 [2001]).

We reject defendant's contention that Supreme Court erred in admitting cocaine found on a codefendant as evidence against defendant. That evidence was necessary to complete the narrative of events (*see People v McDowell*, 191 AD2d 515 [1993], *lv denied* 81 NY2d 1016 [1993]; *see also People v Mitchell*, 295 AD2d 916 [2002], *lv denied* 98 NY2d 770 [2002]). In any event, any prejudice to defendant was minimized by the court's limiting instructions with respect to the evidence (*see People v Maddox*, 272 AD2d 884, 884-885 [2000], *lv denied* 95 NY2d 867 [2000]).

Defendant further contends that the court erred in rejecting his contention that he was denied effective assistance of counsel without conducting a hearing. Specifically, defendant contends that his attorney failed to inform him of a favorable plea offer (*see generally People v Sherk*, 269 AD2d 755 [2000], *lv denied* 95 NY2d 804 [2000]). We are unable to address that contention, however, because it involves matters outside the record. Defendant's remedy is by way of a motion pursuant to CPL 440.10 (*see People v Bennett*, 277 AD2d 1008 [2000], *lv denied* 96 NY2d 780 [2001]). Finally, defendant was not deprived of a fair trial by cumulative error, and the sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.