■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BOWEN, Appellant. [765 NYS2d 612] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered March 15, 2001, convicting defendant, after a jury trial, of murder in the second degree (two counts), attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him to two concurrent terms of 25 years to life on the murder convictions, two terms of 25 years on the attempted murder and assault in the first degree convictions, to run concurrently with each other but consecutively to the sentences on the murder convictions, a term of 10 years on the criminal use of a firearm in the first degree conviction, to run concurrently with the first four convictions, a term of 15 years on the criminal possession of a weapon in the second degree conviction, to run consecutively to the first four convictions but concurrently with the fifth conviction (criminal use of a firearm in the first degree) and a term of 2$\frac{1}{3}$ to 7 years on the reckless endangerment conviction, to run concurrently with the first six convictions, unanimously affirmed.

Defendant is not entitled to reversal based on a communication between a court officer and the jury regarding procedures for disposal of the jury's confidential notes concerning their deliberations. Under either the court officer's version or the foreperson's version, the communication involved a purely administrative or ministerial matter that had nothing to do with any legal or factual issue or the mode of jury deliberations (*see People v Hameed*, 88 NY2d 232, 241 [1996]; *People v Bonaparte*, 78 NY2d 26, 30-31 [1991]; *People v Harris*, 76 NY2d 810, 812 [1990]).

Defendant was not deprived of his right of confrontation by the admission of a redacted statement made to the police by a jointly tried, nontestifying codefendant, and defendant's various severance and mistrial applications raising this issue were properly denied. The codefendant's statement that defendant's drug location had been robbed was properly redacted so as to reveal only that an unidentified person had been robbed. This was not facially incriminating as to defendant, but was only incriminating when linked with other evidence (*see Richardson v Marsh*, 481 US 200, 208 [1987]). In any event, were we to find any error in the receipt of this portion of the detective's testimony, we would find it to be harmless because the fact that defendant's drug location had been robbed, which provided the motive for the subject shooting, was fully established through other properly admitted evidence, and also because the evidence of defendant's guilt was overwhelming in general (*see People v Hamlin*, 71 NY2d 750, 758-759 [1988]). We reach the same conclusions with regard to evidence of similar motive-related statements made by the codefendant to two civilian witnesses. We have considered and reject defendant's remaining arguments on these issues.

The record establishes that defendant was sentenced to determinate terms of 25 years each on his convictions of attempted murder in the second degree and assault in the first degree, rather than terms of 25 years to life as defendant asserts. Defendant's other challenges to the legality of his sentence are unavailing, and we perceive no basis for reducing the sentence in the exercise of our discretion. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Rosenberger, JJ.