■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARA L. DICKSON, Appellant. [799 NYS2d 657]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 5, 2003, upon a verdict convicting defendant of the crime of endangering the welfare of a child.

On July 13, 2001, the persons residing in defendant's apartment with her were John Jennings Sr. (hereinafter codefendant), the codefendant's four-month-old son (hereinafter the victim), and defendant's nine-year-old daughter and six-year-old son from a previous relationship. Defendant's cousin, alarmed at the appearance of the victim, called Child Protective Services (hereinafter CPS). Their investigation revealed that the victim was suffering from multiple bruises, broken ribs and a fractured arm, and that the household was littered with trash, rotting

food and dirty dishes. In addition, steak knives and a hacksaw were found on a table in easy reach of the two older children. The grand jury, in a joint indictment, charged the codefendant with assault in the second degree relating to the victim, and defendant and codefendant with three counts—one for each child—of endangering the welfare of a child. Defendant was convicted only of that count charging that she endangered the welfare of the four-month-old victim. On this appeal, defendant asserts that it was error not to grant her motion for a severance, that the evidence against her was legally insufficient and that the verdict was against the weight of the evidence. We disagree and affirm.

A motion for a severance is addressed to the sound discretion of the trial court (*see* CPL 200.40 [1]) and must be granted where there is a "likelihood that the jury may not be able to consider separately the proof as it relates to each defendant" (CPL 200.40 [1] [d] [iii]). Where, as here, the same evidence is used to prove the charges against each defendant, a joint trial is preferred and severance will only be granted for the most cogent reasons (*see People v Melendez*, 285 AD2d 819, 822 [2001], *lv denied* 97 NY2d 731 [2002]; *People v Augustine*, 235 AD2d 915, 917 [1997], *appeal dismissed* 89 NY2d 1072 [1997], *lv denied* 89 NY2d 1088 [1997]). None are present here. While defendant is correct that the *Ventimiglia* evidence was relevant only to the second degree assault charge against the codefendant, County Court repeatedly gave appropriate limiting instructions which clearly directed how the jury was to use such proof, thereby reducing the risk that evidence directed solely against the codefendant would be employed by the jury in its consideration of the charges against defendant (*see People v Augustine, supra* at 917; *People v Jayne*, 99 AD2d 589, 591 [1984]). In short, defendant failed to establish substantial prejudice which impacted her right to a fair trial.

Further, defendant's contention that she was denied her confrontation rights by the admission of the codefendant's statement is equally unpersuasive. When a statement of a codefendant is only inculpatory of defendant when linked with other evidence introduced at trial, there is no confrontation clause or *Bruton* violation (*see People v Melendez, supra* at 820). The statement attributed to the codefendant does not directly implicate defendant but only implicates her when combined with other evidence in the case. Moreover, even if the statement had been erroneously admitted, the error was harmless in view of the overwhelming evidence of defendant's guilt (*see People v Bowen*, 309 AD2d 600, 601 [2003], *lv denied* 1 NY3d 568 [2003]).

648

Equally unpersuasive is defendant's contention that the evidence was not legally sufficient. There is "[a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]). Here, not only does the evidence show that the victim frequently exhibited indicia of injury, known to defendant, but that on July 14, 2001, after the victim had been assaulted by the codefendant and had suffered obvious injury, defendant did not seek medical attention for him. This evidence alone is sufficient to support defendant's conviction. Moreover when viewed in a neutral light, the verdict is not against the weight of the evidence (*see People v Augustine, supra* at 920).

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.