■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK SUTTON, Appellant. [895 NYS2d 892]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered December 27, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (three counts), murder in the second degree (two counts), attempted murder in the second degree (two counts) and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, three counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]), and two counts each of murder in the second degree (§ 125.25 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]), defendant contends that County Court erred in refusing to sever his trial from that of his codefendant. We reject that contention.

We note at the outset that, although the court originally

granted defendant's severance motion, the court thereafter granted the motion of the People for leave to reargue their opposition to defendant's motion and, upon reargument, denied the severance motion. Defendant contends for the first time on appeal that the People improperly introduced new evidence in support of their motion for leave to reargue and thus that the motion was actually one for leave to renew, pursuant to which the People were required to establish a reasonable justification for their failure to include the new facts in their previous opposition to the severance motion. We thus conclude that defendant's contention is not preserved for our review (*see* CPL 470.05 [2]). Defendant also failed to preserve for our review his contention that the People improperly relied on hearsay in support of their motion for leave to reargue (*see id.*). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

With respect to the merits, we conclude that the court neither abused nor improvidently exercised its discretion in denying the motion for severance (*see generally* CPL 200.40 [1]; *People v Rimmen*, 17 AD3d 1078, 1079 [2005], *lv denied* 5 NY3d 768 [2005]). As we stated in our decision affirming the judgment convicting the codefendant of the same crimes (*People v Thompson*, 59 AD3d 1115, 1115 [2009], *lv denied* 12 NY3d 860 [2009]), the court properly concluded that "the core of each defense was not in irreconcilable conflict with the other" (*see People v Mahboubian*, 74 NY2d 174, 183-184 [1989]; *cf. People v Kyser*, 26 AD3d 839, 840 [2006]), and we likewise conclude that there was no violation of defendant's rights under *Bruton v United States* (391 US 123 [1968]) or *Crawford v Washington* (541 US 36 [2004]). Contrary to defendant's contention, the codefendant's inculpatory statements implicated defendant only "when linked with other evidence introduced at trial" and thus severance was not required (*People v Dickson*, 21 AD3d 646, 647 [2005]; *see People v Bowen*, 309 AD2d 600, 601 [2003], *lv denied* 1 NY3d 568 [2003]; *see generally Richardson v Marsh*, 481 US 200, 207-208 [1987]).

Even assuming, arguendo, that defendant preserved for our review his further contention that he was denied his constitutional right to a speedy trial based on the court's denial of his severance motion, we conclude that defendant's contention lacks merit (*see generally People v Romeo*, 12 NY3d 51, 55 [2009], *cert denied* 558 US —, 130 S Ct 63 [2009]; *People v Taranovich*, 37 NY2d 442, 444-445 [1975]).

Contrary to the contention of defendant, the conviction is supported by legally sufficient evidence (*see generally People v*

*Bleakley*, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Contrary to the further contention of defendant, a new trial is not warranted based on juror misconduct. When defense counsel alleged that two jurors were improperly deliberating before the court issued its final instructions, the court then interviewed those jurors (*see People v Castillo*, 144 AD2d 376, 377-378 [1988], *lv denied* 73 NY2d 890 [1989]). We see no basis to disturb the court's determination to credit the jurors' statements denying any improper conduct (*see generally People v Cabrera*, 305 AD2d 263 [2003], *lv denied* 100 NY2d 560 [2003]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.