# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**28**

**KA 10-00080**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KEVIN L. ALLEN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered November 18, 2009.  The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [1] [b]) and criminal possession of a weapon in the third degree (§ 265.02 [1]).  We note at the outset that defendant's first trial ended in a mistrial for reasons not relevant herein.  Prior to that trial, defendant moved to sever his trial from that of the codefendant. "[W]e conclude that [Supreme C]ourt neither abused nor improvidently exercised its discretion in denying the motion for severance" (*People v Sutton*, 71 AD3d 1396, 1397, *lv denied* 15 NY3d 778).  Contrary to defendant's contention, there was no irreconcilable conflict between the defense theories (*see People v Snyder*, 84 AD3d 1710, 1711, *lv denied* 17 NY3d 810; *see generally People v Mahboubian*, 74 NY2d 174, 184-185).  Here, neither defendant nor the codefendant attempted to blame the other for the shooting, and both defendants generally took the same defense approach of attempting to demonstrate that the People could not identify the codefendant as the shooter.  Moreover, there was no significant danger that a conflict between the defenses would lead the jury to infer defendant's guilt (*see People v Ott*, 83 AD3d 1495, 1496-1497, *lv denied* 17 NY3d 808; *cf. People v Nixon*, 77 AD3d 1443, 1444; *People v Kyser*, 26 AD3d 839, 840; *see generally Mahboubian*, 74 NY2d at 184-185).  Defendant's further contention that he was denied his constitutional and statutory right to be present for

the codefendant's severance motion, which was made prior to the second trial, is based on material outside the record and thus must be raised by way of a motion pursuant to CPL article 440 (*see e.g. People v Carey*, 86 AD3d 925, 926, *lv denied* 17 NY3d 814; *People v Shorter*, 305 AD2d 1070, 1071, *lv denied* 100 NY2d 566).  Defendant failed to preserve for our review his contention that the court erred in denying that severance motion (*see People v Eisenreich*, 121 AD2d 561, *lv denied* 68 NY2d 913; *see also People v Clark*, 28 AD3d 1231, 1232), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also challenges the procedure employed by the court in responding to three jury notes.  With respect to the first jury note, defendant contends that the court influenced deliberations in determining the extent of the readback of certain testimony requested by that note.  That contention is not preserved for our review, however, inasmuch as defendant did not object to the court's handling of the note (*see People v Starling*, 85 NY2d 509, 516; *People v Rivera*, 83 AD3d 1370, 1370-1371, *lv denied* 17 NY3d 904), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  With respect to the second jury note, defendant contends that the court violated CPL 310.30 inasmuch as it failed to read that note aloud and simply responded to the note on its own.  Although the failure to inform counsel of the verbatim contents of a jury's note is inherently prejudicial (*see People v Kadarko*, 14 NY3d 426, 429), here, the court read the second note aloud, and thus there was no error.

With respect to the fourth jury note, defendant contends that the court erred in its response thereto inasmuch as it did not allow the jury to clarify the note in its own words.  That contention is unpreserved for our review inasmuch as defense counsel may not rely on objections by the codefendant's counsel and did not make a specific objection with respect to that note (*see People v Thompson*, 300 AD2d 1032, 1033, *lv denied* 99 NY2d 620; *see generally People v Balls*, 69 NY2d 641, 642).  Defendant further contends with respect to the fourth jury note that the court erred insofar as it made no attempt to determine whether the verbal response of one of the jurors to the court's question concerning the scope of that note reflected the view of the jury as a whole.  That contention is also unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  The record belies defendant's contention that the court permitted the jury to conduct "mini-deliberations" inside the courtroom (*see generally* CPL 310.10 [1]).

Defendant further contends that he was deprived of a fair trial by the cumulative effect of four rulings at trial.  Defendant failed to preserve for our review his contentions that the court erred in allowing the People to present evidence of a prior uncharged crime (*see People v Palmer*, 299 AD2d 235, 236, *lv denied* 99 NY2d 584; *see generally Balls*, 69 NY2d at 642; *People v Smith*, 24 AD3d 1253, 1253, *lv denied* 6 NY3d 818), and that the court erred in failing to provide

a limiting instruction to the jury (*see People v Ramos*, 220 AD2d 330, *lv denied* 87 NY2d 976).  We decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  The record is insufficient to enable us to review defendant's contention that the court erred in excluding certain videotape footage from evidence (*see generally People v Kinchen*, 60 NY2d 772, 773-774).  We conclude that defendant was not denied his right to be present at a material stage of the trial when the court conducted an in camera interview of a sworn juror to determine whether that sworn juror was grossly unqualified to serve, at which the prosecutor and defendant's counsel were present but defendant was not. " 'Whether a seated juror is grossly unqualified to serve is a legal determination . . . , and as such the presence of counsel at a hearing to determine a juror's qualification is adequate' " (*People v Oakes*, 57 AD3d 1425, 1426, *lv denied* 12 NY3d 786, quoting *People v Harris*, 99 NY2d 202, 212).  Defendant's further contention that the court failed to address misconduct in the form of a juror who was "giggling" is based on material outside the record and thus must be raised by way of a motion pursuant to CPL article 440 (*see e.g. Carey*, 86 AD3d at 926; *Shorter*, 305 AD2d at 1071).

We reject defendant's challenge to the legal sufficiency of the evidence at the first trial with respect to the crime of murder in the second degree.  Although "[t]he Double Jeopardy Clause precludes a second trial if the evidence from the first trial is determined by the reviewing court to be legally insufficient" (*People v Scerbo*, 74 AD3d 1730, 1731, *lv denied* 15 NY3d 757), we conclude that, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), the evidence at the first trial is legally sufficient to support the conviction of murder in the second degree (*see generally People v Fernandez*, 88 NY2d 777, 781; *People v Bleakley*, 69 NY2d 490, 495).  Defendant failed to preserve for our review his further contention that the evidence at the second trial is legally insufficient to support the conviction (*see People v Hawkins*, 11 NY3d 484, 492; *People v Gray*, 86 NY2d 10, 19) and, in any event, that contention lacks merit.  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  "Where . . . witness credibility is of paramount importance to the determination of guilt or innocence, [we] must give '[g]reat deference . . . [to the jury's] opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831, quoting *Bleakley*, 69 NY2d at 495; *see People v Kilbury*, 83 AD3d 1579, 1580, *lv denied* 17 NY3d 860; *People v Batista*, 235 AD2d 631, 631-632, *lv denied* 89 NY2d 1088).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 16, 2012                          Frances E. Cafarell
                                                  Clerk of the Court