# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

712

KA 11-00378

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RICKIE R. SCOTT, ALSO KNOWN AS STEPHAN SUMPSSTER,
DEFENDANT-APPELLANT.

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

RICKIE R. SCOTT, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County
(Christopher J. Burns, J.), rendered November 23, 2009. The judgment
convicted defendant, upon a jury verdict, of murder in the second
degree, criminal possession of a weapon in the second degree and
criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of murder in the second degree (Penal Law § 125.25
[1]), criminal possession of a weapon in the second degree (§ 265.03
[1] [b]), and criminal possession of a weapon in the third degree (§
265.02 [5] [ii]). We note at the outset that defendant's first trial
ended in a mistrial for reasons not relevant herein. With respect to
the merits, we reject defendant's contention that Supreme Court's
handling of the fourth jury note during deliberations warrants a new
trial. Contrary to defendant's contention, the court did not err in
refusing to include a supplemental instruction on identification in
responding to the fourth jury note (*see People v Allen*, 69 NY2d 915,
916; *see also People v Cruz*, 272 AD2d 922, 923, *affd* 96 NY2d 857).
"The court was not obligated to go beyond the jury's request for
information" in the fourth jury note (*People v Cosby*, 82 AD3d 63, 69,
*lv denied* 16 NY3d 857), and we conclude that the court properly
exercised its discretion in formulating a response to that note (*see
generally People v Santi*, 3 NY3d 234, 248). Defendant failed to
preserve for our review his contention that the court erred in failing
to allow the jury to clarify its request with respect to the fourth
jury note (*see* CPL 470.05 [2]), and we decline to exercise our power
to review it as a matter of discretion in the interest of justice (*see*

CPL 470.15 [6] [a]).

Defendant further contends in his main and pro se supplemental briefs that he is entitled to a new trial because the court erroneously denied his motion for a mistrial based on the fact that a witness who was unable to make a pretrial identification of defendant as the shooter thereafter identified him as the shooter at trial. We reject that contention. "[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion" (*People v Ortiz*, 54 NY2d 288, 292; *see People v Robinson*, 309 AD2d 1228, 1228, *lv denied* 1 NY3d 579), and we perceive no abuse of discretion here. The inability of a witness to identify a defendant during a pretrial procedure goes to the weight to be afforded that witness's identification testimony at trial, not its admissibility (*see People v Grant*, 94 AD3d 1139, 1140-1141, *lv denied* 20 NY3d 1099; *People v Gangler*, 227 AD2d 946, 947-948, *lv denied* 88 NY2d 985, *reconsideration denied* 89 NY2d 922). Defendant also contends that he is entitled to a new trial because the court erred in denying his severance motion, but we conclude that the court "neither abused nor improvidently exercised its discretion in denying the motion for severance" (*People v Sutton*, 71 AD3d 1396, 1397, *lv denied* 15 NY3d 778).

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence (*see generally People v Delamota*, 18 NY3d 107, 110; *People v Bleakley*, 69 NY2d 490, 495). Moreover, viewing the evidence in light of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "Where . . . witness credibility is of paramount importance to the determination of guilt or innocence, [we] must give [g]reat deference . . . [to the jury's] opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Allen*, 93 AD3d 1144, 1147, *lv denied* 19 NY3d 956 [internal quotation marks omitted]). Defendant's further challenge to the legal sufficiency of the evidence at the first trial is properly before us inasmuch as "[t]he Double Jeopardy Clause precludes a second trial if the evidence from the first trial is determined by the reviewing court to be legally insufficient" (*People v Scerbo*, 74 AD3d 1730, 1731, *lv denied* 15 NY3d 757). Nevertheless, we reject that contention. Viewing the evidence at the first trial in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to support the conviction (*see Allen*, 93 AD3d at 1147; *see generally Bleakley*, 69 NY2d at 495).

Defendant's contention in his main and pro se supplemental briefs that he was deprived of effective assistance of counsel based on defense counsel's failure to call a certain person as an alibi witness is based on matters outside the record on appeal, "and thus the proper procedural vehicle for raising that contention is by way of a motion pursuant to CPL 440.10" (*People v Wittman*, 103 AD3d 1206, 1206, *lv denied* 21 NY3d 915; *see People v King*, 90 AD3d 1533, 1534, *lv denied* 18 NY3d 959). To the extent that we are able to review defendant's contention that he was denied effective assistance of counsel based on

the record before us, we conclude that defense counsel provided
meaningful representation (*see generally People v Baldi*, 54 NY2d 137,
147).  Finally, the sentence is not unduly harsh or severe.

Entered:  June 28, 2013                    Frances E. Cafarell
                                           Clerk of the Court