# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

447

KA 12-02292

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

PARISH M. STREETER, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

PARISH M. STREETER, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered September 10, 2012. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (two counts), sexual abuse in the second degree, criminal sexual act in the second degree, attempted coercion in the first degree and criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of predatory sexual assault against a child (Penal Law § 130.96), sexual abuse in the second degree (§ 130.60 [2]), criminal sexual act in the second degree (§ 130.45 [1]), attempted coercion in the first degree (§§ 110.00, 135.65 [1]), and criminal contempt in the second degree (§ 215.50 [3]). The charges for the sexual crimes arose from allegations that defendant touched the complainant's vagina with his fingers and then, on three separate occasions, had oral contact with her vagina. The sexual contact took place when the victim was 12 and 13 years old.

We reject defendant's contention that the evidence is legally insufficient to support the conviction. The absence of scientific or medical evidence corroborating the complainant's testimony, as noted by defendant, is not dispositive, particularly where, as here there was no penetration, defendant did not ejaculate, and the crimes were not immediately reported to the police. Indeed, this case turned largely upon the credibility of the complainant and defendant, who testified in his own defense and denied the allegations. The jury credited the testimony of the complainant and, contrary to defendant's

contention, her testimony was not "incredible as a matter of law," i.e., "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Ponzo*, 111 AD3d 1347, 1348 [internal quotation marks omitted]; *see People v Bush*, 107 AD3d 1581, 1582, *lv denied* 22 NY3d 954). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349; *see generally People v Bleakley*, 69 NY2d 490, 495).

Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). In support of his weight of the evidence contention, defendant asserts that his alibi witnesses, all of whom have felony records, were more credible than the People's witnesses. Where, as here, " 'witness credibility is of paramount importance to the determination of guilt or innocence,' " we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor (*People v Scott*, 107 AD3d 1635, 1636, *lv denied* 21 NY3d 1077; *see People v Roman*, 107 AD3d 1441, 1442-1443, *lv denied* 21 NY3d 1045; *People v Allen*, 93 AD3d 1144, 1147, *lv denied* 19 NY3d 956). We perceive no basis in the record for us to substitute our credibility determinations for those of the jury.

Defendant next contends that County Court erred in allowing the People to call a rebuttal witness who was present in court when defendant testified. Because the court did not issue a sequestration order, however, there was no basis to preclude the rebuttal witness from taking the stand. Moreover, it cannot be said that the court abused its discretion in failing "to exclude witnesses from the courtroom while other witnesses are testifying" (*People v Santana*, 80 NY2d 92, 100; *see People v Baker*, 14 NY3d 266, 274).

Defendant contends in his pro se supplemental brief that he was deprived of effective assistance of counsel because, among other reasons, his attorney failed to call witnesses at trial who could have provided testimony that was helpful to him. That contention is based primarily on matters outside the record and must be raised pursuant to a CPL 440.10 motion (*see People v Rivera*, 71 NY2d 705, 709; *People v Merritt*, 115 AD3d 1250, 1251). We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs and conclude that they lack merit.

Entered:  June 13, 2014                    Frances E. Cafarell
                                           Clerk of the Court