People v Richards (2019 NY Slip Op 08031)





People v Richards


2019 NY Slip Op 08031


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


929 KA 16-00660

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL J. RICHARDS, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered April 13, 2016. The judgment convicted defendant upon a jury verdict of attemped arson in the second degree and aggravated harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment that convicted him upon a jury verdict of, inter alia, attempted arson in the second degree (see Penal Law §§ 110.00, 150.15). Defendant failed to preserve for our review his contention that County Court erred in failing to discharge a sworn juror (see People v Dennis, 91 AD3d 1277, 1279 [4th Dept 2012], lv denied 19 NY3d 995 [2012]; see generally People v Clark, 28 AD3d 1190, 1190 [4th Dept 2006]). Contrary to defendant's further contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see People v Williams [James], 100 AD3d 1444, 1444 [4th Dept 2012], lv denied 20 NY3d 1066 [2013]; see generally People v Adams, 222 AD2d 1124, 1124 [4th Dept 1995], lv denied 87 NY2d 1016 [1996]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Bennett, 94 AD3d 1570, 1571-1572 [4th Dept 2012], lv denied 19 NY3d 994 [2012], reconsideration denied 19 NY3d 1101 [2012]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We also reject defendant's contention that he was denied effective assistance of counsel. Defendant's assertion that defense counsel was ineffective in failing to retain a fire expert is unavailing because "defendant has not established that such expert testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence" (People v Graham, 125 AD3d 1496, 1497 [4th Dept 2015], lv denied 26 NY3d 1008 [2015] [internal quotation marks omitted]). We likewise reject defendant's assertion that defense counsel was ineffective in waiving opening and closing statements at the suppression hearing. The omnibus motion set forth a cogent theory for suppression of the evidence, and defense counsel effectively cross-examined the People's witnesses at the hearing (see People v Harris, 147 AD3d 1354, 1356-1357 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]). Also contrary to defendant's contention, defense counsel was not ineffective in failing to object with respect to the alleged bias of a sworn juror based on comments made by the court, after the People rested, in which the court acknowledged that it had known the juror personally. Defendant failed to demonstrate "the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Swank, 109 AD3d 1089, 1090 [4th Dept 2013], lv denied 23 NY3d 968 [2014] [internal quotation marks omitted]), particularly given that the record does not support defendant's allegation of juror bias. Defendant's further contention that trial counsel was ineffective in failing to adequately explain to defendant his right to testify is based primarily on [*2]matters outside the record and must be raised pursuant to a CPL 440.10 motion (see generally People v Streeter, 118 AD3d 1287, 1289 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014]).
Defendant also contends that he was deprived of his right to testify at trial. Insofar as defendant contends that the court had an obligation to ensure that he knowingly waived his right to testify, defendant's contention lacks merit. "The trial court has no obligation to inform a defendant of his or her right to testify or ascertain if the failure to testify was a voluntary and intelligent waiver of his or her right to do so" (People v Cosby, 82 AD3d 63, 66 [4th Dept 2011], lv denied 16 NY3d 857 [2011]). In any event, the record establishes that the court made an inquiry regarding defendant's decision not to testify and that defendant stated that the decision was his own. To the extent that defendant contends that conversations with defense counsel otherwise deprived him of his right to testify, that contention is, as with defendant's related ineffective assistance claim, based primarily on matters outside the record and must be raised pursuant to a CPL 440.10 motion (see generally Streeter, 118 AD3d at 1289).
Contrary to defendant's further contention, he was not deprived of a fair trial based on the court's limited questioning of witnesses. A trial court " is entitled to question witnesses to clarify testimony and to facilitate the progress of the trial,' " and there is no indication in the record that the court was biased against defendant (People v Williams, 107 AD3d 1516, 1517 [4th Dept 2013], lv denied 21 NY3d 1047 [2013], quoting People v Yut Wai Tom, 53 NY2d 44, 55 [1981]).
Finally, the sentence is not unduly harsh or severe.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court