■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD McGRIFF, Appellant. [631 NYS2d 969] —Judgment unanimously reversed on the law and new trial granted. Memorandum: County Court should have granted the motion of defendant to sever his trial from that of his codefendant. Defendant and the codefendant were charged with possession of a controlled substance in the third degree based upon the seizure of two bags containing crack cocaine from a vehicle they occupied when it was stopped by police. When the cocaine was seized at the scene of the stop, the codefendant immediately stated that the drugs were not his. The court was informed that defendant and the codefendant would assert antagonistic factual positions at trial, and they did. Defendant testified that the codefendant possessed the drugs and that, when the police started to pull the vehicle over, the codefendant took the bags from his pocket and threw them toward defendant. The codefendant, on the other hand, testified that defendant removed the drugs from his pocket and threw them at the codefendant. Thus, the core of each defense was in irreconcilable conflict *(see, People v Mahboubian,* 74 NY2d 174, 184). Moreover, as the proof was presented at trial, the conflict prejudiced defendant. Prosecution witnesses testified that the codefendant immediately protested that the drugs seized from the car were not his and a prosecution witness testified that he had observed defendant throwing white bags in the direction of the passenger. That evidence supported the codefendant's version and led to an infer-

ence of defendant's guilt *(see, People v Mahboubian, supra,* at 184). Defendant was further prejudiced by the conduct of codefendant's counsel in aggressively cross-examining defendant, which effectively made codefendant's counsel a second prosecutor *(see, People v Cardwell,* 78 NY2d 996).

We reject defendant's contention that the stop of the vehicle was pretextual. The police may stop a vehicle for the traffic infraction of excessively tinted windows *(People v Osborne,* 158 AD2d 740, *lv denied* 75 NY2d 968; *People v Daguilar,* 158 AD2d 857). The fact that the officer who has observed the tinted windows also is aware that the vehicle matches a description of a vehicle involved in unrelated criminal activity does not render the stop pretextual *(see, People v Woods,* 189 AD2d 838). The court credited the officer's testimony that the officer stopped the vehicle for the infraction of excessively tinted windows and concluded that the stop was justified. The court refused to suppress the physical evidence and there is no basis in this record to disturb that determination *(see, People v Prochilo,* 41 NY2d 759, 761). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.