■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS PERRUCCIO, Appellant. [700 NYS2d 347] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant to suppress evidence obtained as the result of a traffic stop of his vehicle. We reject defendant's contention that the stop was pretextual; the police were justified in stopping defendant's vehicle for a traffic offense that occurred in their presence while defendant was under surveil-

lance (*see, People v Gadsden*, 192 AD2d 1103, *lv denied* 82 NY2d 718; *see also, People v McGriff*, 219 AD2d 829; *People v Coggins*, 175 AD2d 924). The court credited the testimony of two police officers that, absent the traffic offense committed in their presence, they would not have stopped defendant until the search warrant for which they had applied had been issued, and there is no basis to disturb that determination of credibility (*see, People v Prochilo*, 41 NY2d 759, 761). During the routine traffic stop, one of the officers observed a handgun in plain view through the windshield of the vehicle (*see, People v Beriguette*, 84 NY2d 978, 980, *rearg denied* 85 NY2d 924; *People v Diaz*, 81 NY2d 106, 110). Because that stop can be sustained under the more stringent New York precedent, we decline to address the People's contention that the stop was objectively valid under the standard set forth in *Whren v United States* (517 US 806; *see, People v Washington*, 238 AD2d 43, 49, *lv denied* 91 NY2d 1014; *People v Dickson*, 180 Misc 2d 113). (Appeal from Judgment of Jefferson County Court, Clary, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.