THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH R. WILSON, Appellant. (Appeal No. 3.) [727 NYS2d 922] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1] [possession of a narcotic drug with intent to sell]) and criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [2]). County Court properly denied the motion of defendant to suppress evidence obtained as the result of the traffic stop of an automobile in which he was a passenger. The court properly rejected defendant's contention that the stop was pretextual (*see, People v Perruccio,* 267 AD2d 1082, *lv denied* 94 NY2d 905; *People v McGriff,* 219 AD2d 829, 830). The police were justified in stopping the vehicle for traffic offenses that occurred in their presence (*see, People v Ellis,* 62 NY2d 393, 396; *People v Perruccio, supra,* at 1082-1083) or were reported to them by fellow officers (*cf., People v Landy,* 59 NY2d 369, 375). Once the vehicle was lawfully stopped, the police were entitled to order defendant, a passenger therein, to

step out of the vehicle (*see, People v Robinson*, 74 NY2d 773, 775, *cert denied* 493 US 966; *People v Guzman*, 153 AD2d 320, 322, *appeal dismissed* 76 NY2d 824, *cert denied* 500 US 941). During the stop, one of the officers observed the contraband in plain view in the back seat of the vehicle and lawfully entered the vehicle to seize it (*see, People v Beriguette*, 84 NY2d 978, 980, *rearg denied* 85 NY2d 924; *People v Whitfield*, 255 AD2d 924, *lv denied* 93 NY2d 981). Moreover, the officer's use of a flashlight was not an unreasonable intrusion and did not convert a proper observation into an impermissible search (*see, People v Cruz*, 34 NY2d 362, 370, *opn amended* 35 NY2d 708; *People v Warmuth*, 187 AD2d 473, 474, *lv denied* 81 NY2d 894; *People v Perez*, 135 AD2d 582, 583, *lv denied* 70 NY2d 1009).

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see, People v Gray*, 86 NY2d 10, 19; *People v Richards*, 275 AD2d 886, 887, *lv denied* 96 NY2d 738). In any event, the evidence is legally sufficient to establish that defendant possessed the cocaine found in the automobile in which he was a passenger and had the requisite intent to sell it (*see, People v Gadsden*, 192 AD2d 1103, *lv denied* 82 NY2d 718; *see also, People v Brooks*, 234 AD2d 149, *lv denied* 89 NY2d 1009). In addition, the verdict is not against the weight of the evidence (*see generally, People v Bleakley*, 69 NY2d 490, 495). There is no merit to the contention that defendant was denied effective assistance of counsel (*see, People v Satterfield*, 66 NY2d 796, 798-799). Defendant also contends that he was denied a fair trial based on improper comments by the prosecutor during summation. Defendant failed to object to the comment concerning his father's failure to testify. Defendant therefore has failed to preserve his contention concerning that comment for our review (*see*, CPL 470.05 [2]; *People v Brinson*, 265 AD2d 879, 880, *lv denied* 94 NY2d 860), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). With respect to the prosecutor's reference to defendant's prior conviction as a "rape" conviction, the court sustained defendant's objection thereto and gave prompt curative instructions, thereby alleviating any prejudice (*see, People v Marzug*, 280 AD2d 974; *People v Fonder*, 211 AD2d 445, 446, *lv denied* 85 NY2d 938). Defendant was properly sentenced as a predicate felon, and the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Burns, JJ.