■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON MASON, Appellant. [758 NYS2d 566] —Appeal from a judgment of Monroe County Court (Smith, J.), entered October 23, 1995, convicting defendant after a nonjury trial of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a bench trial of robbery in the second degree (Penal Law § 160.10), defendant contends that County Court erred in failing to conduct a pretrial hearing on his suppression motion and to render a pretrial decision on that motion (*see* CPL 710.40 [3]). Defendant consented to the concurrent suppression hearing and bench trial conducted by the court (*see People v Restrepo,* 295 AD2d 627, 628 [2002], *lv denied* 98 NY2d 732 [2002]; *People v Montalvo,* 263 AD2d 461, 462 [1999], *lv denied* 94 NY2d 826 [1999]; *People v Hanson,* 256 AD2d 74 [1998], *lv denied* 93 NY2d 874 [1999]; *see also People v Yousef,* 236 AD2d 868 [1997], *lv denied* 90 NY2d 866 [1997]) and thus waived that contention. Defendant further contends that reversal is required because the court failed to render a decision on defendant's suppression motion before returning its verdict. Although the court should have explicitly ruled on the suppression motion, the court's failure to rule constitutes an implicit denial of the suppression motion (*see People v Jackson,* 291 AD2d 930 [2002], *lv denied* 98 NY2d 677 [2002]; *People v Virgil,* 269 AD2d 850 [2000], *lv denied* 95 NY2d 806 [2000]; *see also People v Bailey,* 58 NY2d 272, 275 [1983]). Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.