THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN KYSER, Appellant. [809 NYS2d 342]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered September 3, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and as a matter of discretion in the interest of justice, the motion to sever the trial is granted and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). We agree with defendant that reversal is required based on a *Bruton* violation (*see Bruton v United States*, 391 US 123 [1968]). Defendant was a passenger in a vehicle driven by a codefendant,

and both were charged with the possession of cocaine and marihuana found in the vehicle. Defendant moved to sever his trial from that of his codefendant based, inter alia, on the ground that an out-of-court statement made by his codefendant would implicate him and he would be unable to confront and cross-examine the codefendant. Supreme Court denied the motion, and the statement of the codefendant that he possessed the marihuana found in the vehicle but defendant possessed the cocaine was admitted in evidence at the joint trial. Reversal is required because defendant was denied his right of confrontation with respect to that statement (*see id.*; *People v Camarre*, 171 AD2d 1002, 1003 [1991], *lv denied* 78 NY2d 953 [1991]). Also in support of his motion to sever his trial from that of his codefendant, defendant contended that severance was required because he and the codefendant each asserted that the other possessed the cocaine. We agree with defendant that severance was required on that ground as well, inasmuch as "the core of each defense [was] in irreconcilable conflict with the other and . . . there [was] a significant danger . . . that the conflict alone would lead the jury to infer defendant's guilt" (*People v Mahboubian*, 74 NY2d 174, 184 [1989]; *cf. People v Torres*, 265 AD2d 868 [1999], *lv denied* 94 NY2d 830 [1999]).

Defendant further contends that reversal is required based on a *Crawford* violation (*see Crawford v Washington*, 541 US 36 [2004]). Although defendant failed to preserve his contention for our review, we exercise our power to reach defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that reversal is required on that ground as well. The out-of-court statement of a witness that is testimonial in nature is barred under the Confrontation Clause unless the witness is unavailable and defendant had a prior opportunity to cross-examine the witness (*see Crawford*, 541 US at 59). Here, the out-of-court statement of the codefendant that implicated defendant in the possession of the cocaine was testimonial in nature and was offered for the truth of the facts asserted therein, and thus the admission of that statement in evidence was in violation of the Confrontation Clause (*cf. People v Lewis*, 11 AD3d 954, 955 [2004], *lv denied* 3 NY3d 758 [2004]). Consequently, we reverse the judgment, grant defendant's motion to sever the trial from that of his codefendant and grant a new trial. Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.