■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JUSTIN THOMPSON, Also Known as "DESHAWN," Appellant. [873
NYS2d 834]—

Appeal from a judgment of the Erie County Court (Timothy J.
Drury, J.), rendered December 29, 2006. The judgment convicted
defendant, upon a jury verdict, of murder in the first degree
(three counts), murder in the second degree (two counts), at-
tempted murder in the second degree (two counts) and criminal
possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him fol-
lowing a jury trial of, inter alia, three counts of murder in the
first degree (Penal Law § 125.27 [1] [a] [viii]; [b]), and two
counts each of murder in the second degree (§ 125.25 [1]) and
attempted murder in the second degree (§§ 110.00, 125.25 [1]),
defendant contends that County Court erred in refusing to sever
the trials of defendant and the codefendant. We reject that
contention. Joint trials are preferred where, as here, the same
evidence will be used and the defendant and codefendant are
charged with acting in concert (see People v Mahboubian, 74
NY2d 174, 183 [1989]). Contrary to defendant's contention, sev-
erance was not "compelled" inasmuch as the core of each
defense was not in irreconcilable conflict with the other (id. at
184; cf. People v Kyser, 26 AD3d 839, 840 [2006]). Contrary to
the further contention of defendant, there was no violation of
his rights under Bruton v United States (391 US 123 [1968]) or
Crawford v Washington (541 US 36 [2004]). Nothing in the trial
testimony established that the codefendant made any state-
ments or took any action that implicated defendant (cf. Kyser,
26 AD3d 839 [2006]).

We reject the contention of defendant that the court erred in

refusing to suppress identification testimony. Having viewed the photographic arrays shown to the witnesses, we conclude "that the viewer's attention [would not be] drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (*People v Quinones*, 5 AD3d 1093, 1093 [2004], *lv denied* 3 NY3d 646 [2004]; *see People v Davis*, 50 AD3d 1589, 1590 [2008], *lv denied* 11 NY3d 787 [2008]), and there is no evidence in the record to support defendant's speculative assertion that witnesses may have conferred with each other between identification procedures (*cf. People v Ocasio*, 134 AD2d 293, 294 [1987]). Although defendant also contends that the court erred in refusing to suppress his statements, we note that defense counsel "conceded the propriety of the suppression ruling" with respect to the statements and thus defendant's contention is not preserved for our review (*People v Williams*, 143 AD2d 162, 163 [1988]; *see People v Wells*, 288 AD2d 408 [2001]). In any event, we reject that contention. It is undisputed that defendant was not *Mirandized* and was subjected to interrogation at the time of the statements. The dispositive issue, however, is whether defendant was in custody, inasmuch as *Miranda* warnings are required only when a person is subjected to custodial interrogation (*see generally People v Huffman*, 41 NY2d 29, 33 [1976]). Here, the court credited the testimony of the police officers in determining that defendant was not in custody when he was questioned by the police. Affording great deference to the credibility determinations of the hearing court (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), we conclude that the testimony of the police officers established that a reasonable person, innocent of any crime, would not have believed that he or she was in custody at the time of the questioning (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]).

Contrary to the further contention of defendant, he was not entitled to a pretrial hearing concerning the testimonial competency and capacity of the child witness. There was no " 'nonspeculative' " evidence of any improper influence exerted on that witness and thus no basis for a pretrial hearing to determine whether his testimony at trial would be tainted (*People v Kemp*, 251 AD2d 1072, 1072 [1998], *lv denied* 92 NY2d 900 [1998]; *see People v Montalvo*, 34 AD3d 600, 601 [2006], *lv denied* 8 NY3d 883 [2007]; *People v Nickel*, 14 AD3d 869, 870-871 [2005], *lv denied* 4 NY3d 834 [2005]). For the same reasons, the court properly denied defendant's request for a pretrial psychological examination of that witness (*see generally People v Brown*, 7 AD3d 726 [2004], *lv denied* 3 NY3d 671 [2004]). To the extent that defendant contends on appeal that the court

"erred in failing to timely permit [defendant] to retain and make use of expert testimony relative to the identification of [defendant] by [the child witness]," we note that defendant did not join in the codefendant's request to retain an expert to review the mental health records of that witness. Defendant thus failed to preserve that contention for our review (*see generally People v Cook*, 286 AD2d 917 [2001], *lv denied* 97 NY2d 680 [2001]; *People v Greening*, 254 AD2d 739 [1998], *lv denied* 92 NY2d 1032 [1998]). In any event, for the same reasons previously noted, the contention lacks merit.

Defendant's further challenge to the capacity of the child witness to testify as a sworn witness lacks merit. The child witness was 11 years old at the time of trial and thus was presumed to have the capacity to testify under oath (*see* CPL 60.20 [1], [2]). In any event, " '[t]he determination of the trial court [with respect to witness competency] should be sustained particularly where the testimony is received and the weight to be given it is left to the jury, unless there is a clear abuse of discretionary power' " (*see People v Parks*, 41 NY2d 36, 46 [1976]), and we perceive no abuse of discretion on the record before us. The trial court was in the best position "to observe manner, demeanor and presence of mind" of the witness and to make appropriate inquiries (*id.*).

We further conclude that the court did not improvidently exercise its discretion in denying defendant's request for additional peremptory challenges during the joint trial (*see People v Rolle*, 4 AD3d 542, 544 [2004], *lv denied* 3 NY3d 647 [2004]; *cf. People v Hines*, 109 AD2d 893 [1985], *lv denied* 66 NY2d 764 [1985]), and we conclude that the court properly denied defendant's *Batson* challenge. The prosecutor set forth race-neutral reasons for striking the prospective juror in question, inasmuch as the prospective juror had a prior conviction as well as a relative with a prior conviction (*see People v Cuthrell*, 284 AD2d 982, 982-983 [2001]; *see generally People v Gajadhar*, 38 AD3d 127, 137 [2007], *affd* 9 NY3d 438 [2007]).

Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Contrary to defendant's further contention, because a trial court has "the inherent power . . . to control its own calendar" (*People v Trait*, 70 AD2d 1057, 1057 [1979]; *see People v Cangiano*, 40 AD2d

528, 529 [1972]), we conclude that the court did not abuse or improvidently exercise its discretion in refusing to adjourn sentencing to enable defendant to prepare a written CPL article 330 motion (*see People v Williams*, 302 AD2d 903 [2003]; *People v Cummings*, 284 AD2d 907 [2001], *lv denied* 97 NY2d 640, 680 [2001]). Finally, we conclude that the sentence of life without parole is not unduly harsh or severe. Defendant was convicted of attempting to kill two children and killing four people, one of whom was holding her 11-month-old baby in her arms. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.