■ In the Matter of ELBERT WELCH, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [897 NYS2d 260]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered April 20, 2009 in Franklin County, which converted petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, into a proceeding pursuant to CPLR article 78 and dismissed the petition.

Petitioner was sentenced in 1978 to an aggregate prison term of 12½ to 25 years for various crimes including attempted murder in the second degree, and the sentence was ordered to be served consecutively to an undischarged prison term that petitioner received in 1976. While on parole, petitioner committed new crimes and, in July 2000, was sentenced to an aggregate prison term of 14 to 30 years for his conviction of those crimes, which included criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. After the Department of Correctional Services (hereinafter DOCS) calculated those new sentences as running consecutively to petitioner's undischarged prison sentences, he commenced a proceeding pursuant to CPLR article 70, asserting that DOCS erred in determining the sentences to run consecutively and, consequently, he was entitled to immediate release on conditional parole. After converting the matter from a proceeding for a writ of habeas corpus to a CPLR article 78 proceeding, Supreme Court dismissed the petition, finding that DOCS did not err in calculating petitioner's sentence. This appeal ensued.

We affirm. Pursuant to Penal Law § 70.25 (1), when a person subject to an undischarged term of imprisonment is sentenced to an additional term of imprisonment, "the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence." Here, at petitioner's July 2000 sentencing, County Court (Punch, J.) stated unequivocally that petitioner's new sentences were to be served "consecutively to any previously imposed term of imprisonment." Therefore, we find that DOCS did not err in calculating petitioner's maximum expiration date.

We have examined petitioner's remaining contentions and find them to be without merit or rendered academic by our decision.

Mercure, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.