■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD H. LaTULIP, Appellant. [899 NYS2d 921]—

Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered January 7, 2009, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fourth degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fourth degree in full satisfaction of a three-count indictment against him. Thereafter, County Court imposed a sentence of three years in prison followed by two years of postrelease supervision for each count, to be served concurrently. After pronouncement of the sentences, defendant

requested that they be ordered to be served concurrently with a prison term of 1⅓ to 4 years he had received in Essex County as a result of his conviction there for attempted burglary in the third degree. The court declined defendant's request and he now appeals.

Defendant's sole contention is that his current sentences should run concurrently with that imposed in Essex County in the absence of a judicial pronouncement that they be served consecutively. Pursuant to Penal Law § 70.25 (1), a sentence shall run either concurrently or consecutively with respect to an undischarged term of imprisonment as the court directs at the time of sentence. Here, County Court's intention that the sentences imposed were to be served consecutively to defendant's existing sentence was unequivocal, inasmuch as the court expressly rejected defendant's request that the sentences be ordered to be served concurrently (*see Matter of Welch v Fischer*, 70 AD3d 1077 [2010]).

Spain, J.P., Rose, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.