THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINNIE NIXON, Appellant. [908 NYS2d 293]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 2, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, improper automobile equipment and improper license plates.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that Supreme Court abused its discretion in denying his motion to sever his trial from that of his codefendant. We agree. Defendant and the codefendant were jointly charged with criminal possession of a weapon in the second degree arising from the police having found a handgun in a vehicle that they stopped. Defendant was also charged with violations of the Ve-

hicle and Traffic Law arising from his operation of the vehicle. In support of his pretrial motion for severance, defendant contended that he and the codefendant had irreconcilable defenses because, according to defendant, the codefendant was in sole possession of the weapon, while the defense of the codefendant was that defendant possessed the weapon but placed it under the codefendant's passenger seat when the police stopped the vehicle. Defendant further contended that he would be prejudiced in the event that the codefendant's attorney was permitted to present evidence against him, thereby acting as a second prosecutor. Indeed, defendant was correct in that respect because the codefendant's "attorney took an aggressive adversarial stance against [defendant at trial], in effect becoming a second prosecutor" (*People v Cardwell*, 78 NY2d 996, 998 [1991]). In support of his motion for a mistrial following the testimony of the codefendant at trial, defendant contended that the codefendant had testified that defendant stated that he could not be caught with a handgun because he was on parole, and we note in any event that both defendants in fact implicated each other at trial (*cf. People v Watkins*, 10 AD3d 665, 665-666 [2004], *lv denied* 3 NY3d 761 [2004]). Consequently, we agree with defendant that " '[t]he essence or core of the defenses [were] in conflict, such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other' " (*People v Mahboubian*, 74 NY2d 174, 184 [1989]). In view thereof, along with the fact that "there [was] a significant danger, as both defenses [were] portrayed to the trial court [in the pretrial motion and the motion for a mistrial], that the conflict alone would lead the jury to infer defendant's guilt," severance was required (*id.*; *see People v Kyser*, 26 AD3d 839, 840 [2006]). Although it appears from the record that the court did not address defendant's irreconcilable conflict contention in refusing to sever the trial or to grant a mistrial, that failure is of no moment because we deem the court to have implicitly denied the severance and mistrial motions on that ground (*see generally People v Mason*, 305 AD2d 979 [2003], *lv denied* 100 NY2d 563 [2003]). Consequently, we reverse the judgment and grant a new trial. Inasmuch as the codefendant was acquitted at trial, defendant's severance motion is moot.

Contrary to the further contention of defendant, the conviction of criminal possession of a weapon in the second and third degrees is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict convicting him of those

crimes is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). In light of our determination, we do not address defendant's remaining contention. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.