■ The People of the State of New York, Respondent, v Patrick R. Ashley, Appellant. [920 NYS2d 748]—

Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered March 1, 2010, which resentenced defendant following his conviction of the crimes of robbery in the second degree (two counts).

In 1999, defendant was convicted of two counts of robbery in the second degree and was sentenced to two concurrent terms of five years in prison. In 2009, after he had completed his sentence for these crimes, he moved to set aside the sentence on the ground that it was illegal because County Court did not specifically impose a period of postrelease supervision (*see People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). At the time of this motion, defendant was serving a prison sentence on an unrelated conviction. County Court granted defendant's motion, resentenced him to the original term of imprisonment and, with the People's consent, did not impose any period of postrelease supervision. Defendant now appeals.

Defendant argues that County Court was silent concerning the manner in which the terms of imprisonment imposed upon resentencing were to run with respect to the term of imprisonment he was serving at the time and that, pursuant to Penal Law § 70.25 (1) (a), all prison terms should run concurrently by operation of law. Notably, the statute provides that, "when a person who is subject to any undischarged term of imprison-

ment imposed at a previous time . . . is sentenced to an additional term of imprisonment" and the court fails to specify the manner in which a sentence imposed by it is to run, the "sentence shall run concurrently with all other terms" (Penal Law § 70.25 [1] [a]). Here, County Court made it clear on the record that the sentences imposed upon resentencing were to run concurrently to one another, *but not* to the other prison term that defendant was then serving. Contrary to defendant's claim, County Court was not silent with respect to the manner in which the sentences imposed upon resentencing were to run and, therefore, we reject his assertion that they should have run concurrently to his existing sentence pursuant to Penal Law § 70.25 (1) (a) (*see e.g. People v LaTulip*, 73 AD3d 1345, 1346 [2010]). Accordingly, we find no reason to disturb the judgment of conviction.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.