# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**819**

**KA 08-01036**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

         V            OPINION AND ORDER

DAMIEN WARREN, DEFENDANT-APPELLANT.

---

MICHAEL L. D'AMICO, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered February 23, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Opinion by PERADOTTO, J.: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]), following a simultaneous bench trial for one codefendant (bench trial codefendant) and a jury trial for defendant and a second codefendant. Defendant contends that, in allowing the bench trial codefendant to incriminate defendant before the jury by testifying on his own behalf in front of the jury rather than merely before County Court, as twice requested by defendant, the court violated his rights to due process and a fair trial. We agree with defendant that the judgment should be reversed and that he is entitled to a new trial.

Defendant and three codefendants were charged by joint indictment with murder in the second degree (Penal Law §§ 20.00, 125.25 [1]) and criminal possession of a weapon in the second degree (§§ 20.00, 265.03 [former (2)]). Thereafter, one codefendant pleaded guilty to reckless endangerment in the second degree in exchange for testifying on behalf of the prosecution, and defendant and his two remaining codefendants proceeded to trial. Approximately one week before the trial, the bench trial codefendant waived his right to a jury trial and elected to proceed by a bench trial. Defendant requested that the bench trial be severed from the jury trial. Alternatively, defendant requested that the bench trial codefendant testify outside the presence of the jury in the event that he elected to testify in his own defense. The

court denied both the request for severance and the alternative request.  After the People, defendant and his jury trial codefendant rested, counsel for the bench trial codefendant indicated that his client intended to testify on his own behalf.  Defendant's attorney then renewed his request that the bench trial codefendant's testimony be taken outside the presence of the jury.  Counsel for defendant contended, inter alia, that the issue of that codefendant's guilt or innocence was not before the jury and that the proof had closed with respect to defendant.  The court again denied defendant's request and, in his testimony in the presence of the jury, the bench trial codefendant implicated defendant in the shooting and exculpated himself and the remaining jury trial codefendant.  The jury convicted defendant of both counts charged in the indictment and acquitted the remaining codefendant.  Thereafter, the court acquitted the bench trial codefendant.

We agree with defendant that he was deprived of a fair trial based on the manner in which the court conducted the simultaneous bench and jury trial, i.e., by denying his requests that the bench trial codefendant testify on his own behalf outside the presence of the jury, inasmuch as his testimony incriminated defendant (*see generally People v Cardwell*, 78 NY2d 996; *People v Mahboubian*, 74 NY2d 174, 186; *People v McGriff*, 219 AD2d 829).  Although it is unusual to conduct a simultaneous bench and jury trial, such a procedure is within a trial court's discretion provided that the procedure does not prejudice any of the defendants (*see People v Amato*, 173 AD2d 714, 715-716, *lv denied* 78 NY2d 919, 961, *cert denied* 502 US 1058; *see also People v Fleming*, 76 AD3d 582, *lv denied* 15 NY3d 893; *People v Wallace*, 153 AD2d 59, 64-67, *lv denied* 75 NY2d 925; *see generally People v Ricardo B.*, 73 NY2d 228, 233-234).  A simultaneous bench and jury trial is, in essence, a "partial form of severance" (*Ricardo B.*, 73 NY2d at 233; *see Wallace*, 153 AD2d at 65), and the use of that procedure "is to be evaluated under standards for reviewing severance motions generally . . ., which require a showing of prejudice to entitle a defendant to relief" (*People v Irizarry*, 83 NY2d 557, 560 [internal quotation marks omitted]; *see People v Singh*, 266 AD2d 569, *lv denied* 94 NY2d 907).  Severance is required where, among other things, "the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury [or the court, in a bench trial,] to infer [a] defendant's guilt" (*Mahboubian*, 74 NY2d at 184).

Here, we conclude that the court erred in denying defendant's requests that the jury be excused during the testimony of the bench trial codefendant, "[t]he logistics of [which] . . . were minimal," inasmuch as at that time the People, defendant and his jury trial codefendant had rested, and thus the proof had closed with respect to the two defendants tried by the jury (*Wallace*, 153 AD2d at 65).  There is no question that "[t]he essence or core of the defenses [of defendant and the bench trial codefendant were] in conflict" (*People v Nixon*, 77 AD3d 1443, 1444 [internal quotation marks omitted]; *see Mahboubian*, 74 NY2d at 184; *McGriff*, 219 AD2d at 829-830; *People v*

*Sanders*, 162 AD2d 327, 328, *lv denied* 76 NY2d 944), and that the testimony of the bench trial codefendant thus should not have been presented to the jury. The court's decision to allow such testimony is particularly egregious in view of the fact that such testimony was obviously damaging to defendant, was not properly a part of the jury trial and was easily severable from the evidence presented at the jury trial. According to defendant, he did not shoot the victim. The bench trial codefendant, however, testified that he was sitting on a porch down the street during the shooting and that he saw defendant chase the victim through the park and shoot the victim multiple times. That testimony of the bench trial codefendant was critical to his defense in light of the fact that a nonparty witness to the shooting testified that it was the bench trial codefendant, not defendant, who was in the park when the shooting took place. Thus, it is difficult to imagine a more classic case in which the defenses of defendant and the bench trial codefendant "were antagonistic at their crux" (*Mahboubian*, 74 NY2d at 186; *see People v Kyser*, 26 AD3d 839, 840). The jury should not have heard the defense set forth by the bench trial codefendant inasmuch as only the court, not the jury, was the trier of fact with respect to that codefendant.

Moreover, under the procedure employed by the court, the People in essence received a windfall witness, and in effect a second prosecutor, i.e., counsel for the bench trial codefendant (*see Cardwell*, 78 NY2d at 998; *Nixon*, 77 AD3d at 1444), after resting their case against the two jury trial defendants. That witness implicated defendant in the murder and corroborated the testimony of the codefendant who pleaded guilty to reckless endangerment in the second degree and testified for the People. Notably, the prosecutor repeatedly referenced the testimony of the bench trial codefendant during his summation to the jury, emphasizing that, although he was not the People's witness, he had corroborated the People's proof. There is thus no question that the testimony of the bench trial codefendant was prejudicial to defendant (*see McGriff*, 219 AD2d at 829-830).

Accordingly, we conclude that the judgment should be reversed and that defendant is entitled to a new trial.

Entered: June 17, 2011                                    Patricia L. Morgan
                                                          Clerk of the Court