■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK R. ASHLEY, Appellant. [933 NYS2d 134]—

McCarthy, J.

In 1999, defendant was convicted of two counts of robbery in the second degree (*People v Ashley*, 278 AD2d 594 [2000]). Shortly after being paroled on the 1999 convictions, defendant pleaded guilty to a superior court information charging him with attempted robbery in the first degree, and he was sentenced as a second felony offender to nine years in prison and five years of postrelease supervision. On appeal, we affirmed (*People v Ashley*, 71 AD3d 1286 [2010], *affd* 16 NY3d 725 [2011]).

Thereafter, defendant moved pursuant to CPL article 440 to set aside his sentence on the 1999 convictions on the ground that the sentencing court failed to impose a mandatory period of postrelease supervision. The motion was granted and defendant was resentenced (*People v Ashley*, 83 AD3d 1295 [2011], *lv denied* 17 NY3d 813 [2011]). Defendant then moved pursuant to CPL article 440 to set aside his sentence on the attempted robbery conviction, arguing that he was improperly sentenced as a second felony offender because the 1999 conviction could not serve as a predicate felony in light of the resentencing that occurred subsequent to the attempted robbery conviction. County Court granted defendant's motion. Prior to resentencing, defendant filed motions pursuant to CPL 220.20 and 220.60 seeking dismissal of the superior court information and withdrawal of his guilty plea. County Court resentenced defendant, now as a first time felony offender, to nine years in prison followed by five years of postrelease supervision.[1] Defendant appealed. The court then denied defendant's motions in a written decision.

Defendant argues that County Court improperly failed to render a decision on his CPL 220.20 and 220.60 motions prior to resentencing him. A court's failure to expressly rule on a motion is deemed a denial thereof (*see People v Ott*, 83 AD3d 1495, 1497 [2011], *lv denied* 17 NY3d 808 [2011]; *People v Mason*, 305 AD2d 979 [2003], *lv denied* 100 NY2d 563 [2003]; *see also People*

---

1. Defendant appealed his original conviction for attempted robbery in the first degree to the Court of Appeals, which affirmed, finding that his challenge to the adjudication as a second felony offender was moot in light of the resentencing and also finding that defendant failed to preserve the argument that his guilty plea was rendered involuntary due to his resentencing on the prior offense (*People v Ashley*, 16 NY3d 725 [2011]).

*v Bailey*, 58 NY2d 272, 275 [1983]). Accordingly, defendant's motions are deemed to have been denied at the time of sentencing, and the court's subsequent written decision represents a clarification of the decision on said motions.[2] As such, we will review the merits of defendant's motions.

Whether to allow a defendant to withdraw his or her guilty plea is a matter that rests within the sound discretion of the sentencing court and that decision will not be disturbed absent evidence of innocence, fraud or mistake (*see People v Taylor*, 82 AD3d 1291, 1292 [2011], *lv denied* 16 NY3d 900 [2011]; *People v Singletary*, 51 AD3d 1334, 1334 [2008], *lv denied* 11 NY3d 741 [2008]). Defendant claims that his plea was involuntary because he was under the misunderstanding that he was a second felony offender at the time of his guilty plea. It is noted that, as either a first or second felony offender, defendant faced up to 15 years in prison (*see* Penal Law § 70.02 [3] [b]; § 70.06 [6] [b]). Accordingly, in either event, his plea agreement provided him with an advantageous sentencing commitment of nine years in prison. Moreover, the Court of Appeals has recently held that a defendant may not employ resentencing on a prior crime simply as a way to "leapfrog a sentence forward so as to vitiate its utility as a sentencing predicate" (*People v Acevedo*, 17 NY3d 297, 302 [2011]). Accordingly, we decline to disturb County Court's decision denying defendant's motion to withdraw his plea.

Turning to defendant's contention that the superior court information was defective, we note that although the superior court information erroneously recited the crime of attempted robbery in the first degree as being an "armed" class C felony, this error did not affect the proceedings in any manner (*see People v Sterling*, 27 AD3d 950, 951-952 [2006], *lv denied* 6 NY3d 898 [2006]; *People v Miller*, 23 AD3d 699, 701 [2005], *lv denied* 6 NY3d 815 [2006]). It is clear from the transcript of the plea that County Court, the People and defendant were all aware of the elements of the crime to which defendant pleaded, and defendant's detailed allocution satisfied each of the elements of the crime of attempted robbery in the first degree.

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

2. This is especially true considering that a motion pursuant to CPL 220.60 may only be entertained "before the imposition of sentence" (CPL 220.60 [3]; *see People v Louree*, 8 NY3d 541, 546 [2007]).