# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**177**
**KA 11-01538**
PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

      V            MEMORANDUM AND ORDER

RICHARD MCGUIRE, DEFENDANT-APPELLANT.

---

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 8, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts two and four of the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We conclude that, when viewed in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495; *People v Carrasquillo*, 142 AD3d 1359, 1360).

As the People concede, however, County Court erred in refusing to sever defendant's trial from that of his codefendants (*see* CPL 200.40 [1]). We note at the outset that, "[w]hile a trial court must decide a severance motion 'prospectively, based on its discretionary assessments of the strategies and evidence as forecast by the parties,' appellate courts have the benefit of a 'full trial record by which they may, within the ambit of their . . . review powers, determine the existence of irreconcilable conflict and its possible effect on the verdict' " (*People v Cardwell*, 78 NY2d 996, 998, quoting *People v Mahboubian*, 74 NY2d 174, 184-185).

Defendant and his two codefendants were jointly charged with various offenses arising from the seizure by the police of a handgun

from the vehicle in which defendant and his codefendants were riding. In support of his motion for severance, defendant contended that his counsel had consulted with counsel for his codefendants and determined that their respective trial strategies were irreconcilable because the codefendants had made statements implicating one another in the possession of the weapon. During the trial, defendant did not take the stand, and defense counsel attempted to establish that defendant did not possess the handgun. The codefendants testified that they did not know that defendant had a handgun but that, just as the police were stopping the vehicle, defendant pulled a gun from his waistband and tried to give it to one of the codefendants. When that codefendant refused to take the gun, defendant tried to hide it beneath or behind the other codefendant's seat. Thus, both codefendants denied possessing the gun and testified that it was in defendant's possession. Additionally, one of the codefendants testified that, following the arrest, defendant offered him $10,000 to take responsibility for the gun.

We conclude that the codefendants' respective attorneys "took an aggressive adversarial stance against [defendant at trial], in effect becoming a second [and a third] prosecutor" (*Cardwell*, 78 NY2d at 998; *see People v Nixon*, 77 AD3d 1443, 1444). We further conclude that the " 'essence or core of the defenses [were] in conflict, such that the jury, in order to believe the core of one defense, . . . necessarily [had to] disbelieve the core of the other' " (*Mahboubian*, 74 NY2d at 184; *see Nixon*, 77 AD3d at 1444). Thus, in retrospect (*see Cardwell*, 78 NY2d at 998), there was "a significant danger . . . that the conflict alone would lead the jury to infer defendant's guilt," and therefore severance was required (*Mahboubian*, 74 NY2d at 184; *see Cardwell*, 78 NY2d at 998; *Nixon*, 77 AD3d at 1444). Consequently, we reverse the judgment and grant a new trial on counts two and four of the indictment. Inasmuch as both codefendants were acquitted at trial, defendant's severance motion itself is now moot (*see Nixon*, 77 AD3d at 1444).

In view of our determination, we do not consider defendant's remaining contentions.

Entered: March 24, 2017                    Frances E. Cafarell
                                           Clerk of the Court