People v Rideout (2019 NY Slip Op 08304)





People v Rideout


2019 NY Slip Op 08304


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


998 KA 17-02096

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAURA RIDEOUT, DEFENDANT-APPELLANT. 






WILLIAM CLAUSS, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 13, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree, tampering with physical evidence and burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), arising from an incident in which her ex-husband was killed with a garrote and his body was found in a wooded area, with his facial features disfigured with drain cleaner. We affirm.
Contrary to defendant's contention, we conclude that the evidence, viewed in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People' " (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]; see People v Rossey, 89 NY2d 970, 971-972 [1997]; People v Cabey, 85 NY2d 417, 420-421 [1995]). Furthermore, "[i]ntent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime" (People v Price, 35 AD3d 1230, 1231 [4th Dept 2006], lv denied 8 NY3d 926 [2007]).
Here, prior to the victim's death, defendant was captured on video purchasing items that were later used in attempts to disfigure and dispose of his body, his blood was on her clothing, the keys to his car and other items connecting her to the crime were found in her home on her bed, and on the day after the killing she was found cleaning his house and attempting to dispose of the murder weapon. In addition, contrary to defendant's contention that she had no motive to kill the victim, the evidence established that she had rented a house in another state and planned to move there on the day after the killing with, inter alia, their two youngest children, but the victim had primary physical custody of those two children and refused to permit her to relocate with them. Indeed, defendant and the victim were engaged in litigation over the custody of those two children, which did not end until the victim's demise. Consequently, we conclude that the People presented legally sufficient evidence to establish beyond a reasonable doubt defendant's guilt of murder in the second degree and the remaining charges of which she was convicted. Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, we conclude that she was not deprived of a fair trial by Supreme Court's denial of her repeated motions for severance of her trial from that of [*2]her codefendants, who included two of her children. It is well settled that, even if charges against several defendants are properly joined for trial pursuant to CPL 200.40 (1) (a) through (d), "the court . . . may for good cause shown order in its discretion that any defendant be tried separately from . . . one or more or all of the others. Good cause shall include, but not be limited to, a finding that a defendant or the [P]eople will be unduly prejudiced by a joint trial" (CPL 200.40 [1]). Nevertheless, "[j]oint trials are preferred where, as here, the same evidence will be used and the defendant and codefendant[s] are charged with acting in concert" (People v Thompson, 59 AD3d 1115, 1115 [4th Dept 2009], lv denied 12 NY3d 860 [2009]), and "severance is not required solely because of hostility between the [defendants], differences in their trial strategies or inconsistencies in their defenses. It must appear that a joint trial necessarily will, or did, result in unfair prejudice to the moving party and substantially impair his [or her] defense" (see People v Mahboubian, 74 NY2d 174, 184 [1989] [internal quotation marks omitted]). Where, as here, "the proof of the charges against the defendant was premised on the same evidence used to establish her codefendants' guilt, only the most cogent reasons would warrant a severance" (People v Fassino, 169 AD3d 921, 923 [2d Dept 2019], lv denied 33 NY3d 975 [2019]; see Mahboubian, 74 NY2d at 183; People v Bornholdt, 33 NY2d 75, 87 [1973]).
Here, even assuming, arguendo, that the defenses presented by defendant and her codefendants were in conflict, we cannot conclude that "in retrospect . . . , there was a significant danger . . . that the conflict alone would lead the jury to infer defendant's guilt' " (People v McGuire, 148 AD3d 1578, 1579 [4th Dept 2017], quoting Mahboubian, 74 NY2d at 184; cf. People v Nixon, 77 AD3d 1443, 1444 [4th Dept 2010]). Contrary to defendant's contention, "the testimony elicited [and evidence introduced] during cross-examination of certain witnesses [by counsel for the codefendants] did not reveal any new information that was not already provided on direct examination of such witnesses" (People v Murray, 155 AD3d 1106, 1109 [3d Dept 2017], lv denied 31 NY3d 1015 [2018]; cf. People v Warren, 20 NY3d 393, 398 [2013]). Thus, even assuming, arguendo, that the court erred in denying defendant's motions for severance, applying the standard set forth in People v Chestnut (19 NY3d 606, 611-612 [2012]), we conclude that such error is harmless (see People v Hilton, 166 AD3d 567, 568 [1st Dept 2018], lv denied 32 NY3d 1173 [2019]; cf. Nixon, 77 AD3d at 1444).
Finally, the sentence is not unduly harsh or severe.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court