People v Gaston (2023 NY Slip Op 03439)

People v Gaston

2023 NY Slip Op 03439

Decided on June 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2023

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 1630/17 Appeal No. 554 Case No. 2020-00074 

[*1]The People of the State of New York, Respondent,
v
Tavares Gaston, Defendant-Appellant.

Marianne Karas, Thornwood, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered May 31, 2019, convicting defendant, after a jury trial, of murder in the second degree, conspiracy in the second degree, conspiracy in the fourth degree (two counts), gang assault in the first degree and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
On or about May 16, 2017, an 83-count indictment was filed against defendant and 12 codefendants alleging that as members of a gang called Fast Money, which was allied with a gang called Nine Block, they conspired to "to kill members of rival street gangs"; to possess illegal guns and ammunition; and to assault rival gang members and others not allied with defendants' gangs." All 12 codefendants ultimately entered pleas of guilty prior to trial.
The seven counts of which defendant was convicted following trial, included second-degree conspiracy and second-degree murder, all pertaining to the fatal shooting of Dejon McInnis. Defendant was also charged with and acquitted of attempted second-degree murder and first-degree assault for allegedly shooting Jose Frias.
At trial, the People's evidence included a compilation of surveillance footage which depicted defendant and two of his codefendants walk across Amsterdam Avenue, and past West 157th Street, while the victim was standing on the stoop in front of a building. Defendant, wearing a white or light grey sweatshirt, and the others, initially walk around the block and then return to building where the victim is seen standing on the second step up from the sidewalk. Defendant is seen approaching the victim and pulling a gun out of his sweatshirt's front pocket. He is then seen pointing the gun directly at the body of the victim, holding the gun using only his right hand while extending his arm roughly perpendicular with his torso, parallel to the ground. The victim is seen leaping onto the sidewalk as if attempting to lunge toward defendant, but immediately collapsing onto the sidewalk, initially landing next to the front of a gated tree area, before dragging himself across the ground to the part of the sidewalk in front of the building. Defendant is then seen running across 157th Street near a crosswalk, momentarily leaving the video frame until he reaches the other side of the street.[FN1] As stated, defendant was convicted of murder in the second degree, conspiracy in the second degree, two counts of conspiracy in the fourth degree, gang assault in the first degree and two counts of criminal possession of a weapon in the second degree.
Defendant's challenge to being shackled during pretrial proceedings is unpreserved (see People v Griggs, 27 NY3d 602, 606 [2016]), and we decline to review it in the interest of justice. Defendant's objection was to his being shackled during his trial, however, no such shackling occurred. In the alternative[*2], we find that Supreme Court sufficiently particularized the reasons for shackling includingserious concerns about the potential for fighting between defendant and his codefendants in the courtroom (see People v Rouse, 79 NY2d 934, 935 [1992]).
Defendant was not deprived of his right to be present at a brief initial discussion of security concerns, while his counsel was present, and the court did not reach any decision. Defendant was soon brought into the courtroom and remained present during the remaining security-related discussion that day. Moreover, defendant was present for the continuing discussion on the next court date and was present when a decision was made by the court. "[A] defendant's absence from a hearing will not deprive him or her of the opportunity to give meaningful input when the court essentially holds a de novo hearing on the same matter at which defendant is present" (People v Roman, 88 NY2d 18, 27 [1996]). Defendant validly waived his right to be present at the other proceedings at issue (see People v Flinn, 22 NY3d 599, 601 [2014]; People v Velasquez, 1 NY3d 44, 50 [2003]).
Defendant's challenge to the court's denial of his severance motion is moot because he was tried alone, since all of his codefendants entered pleas of guilty prior to trial (see People v McGuire, 148 AD3d 1578, 1579-80 [4th Dept 2017]).
Defendant's arguments concerning the People's summation are unpreserved (see People v Romero, 7 NY3d 911 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). Moreover, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's Eighth Amendment challenge to his sentence is unavailing (see People v Broadie, 37 NY2d 100 [1975], cert denied 423 US 950 [1975]), and we perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2023

Footnotes

Footnote 1: The People introduced a surveillance video of Jose Frias being nonfatally shot. As stated, defendant was acquitted of all counts involving Frias.