People v Jackson (2024 NY Slip Op 01407)

People v Jackson

2024 NY Slip Op 01407

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

91 KA 19-00961

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMOL M. JACKSON, DEFENDANT-APPELLANT. 

ANDREW G. MORABITO, EAST ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered May 14, 2018. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, manslaughter in the first degree, robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [3]), manslaughter in the first degree (§ 125.20 [1]), robbery in the first degree (§ 160.15 [4]), robbery in the second degree (§ 160.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Contrary to defendant's contention, Supreme Court properly denied his repeated severance motions, inasmuch as defendant failed to demonstrate the requisite good cause for a discretionary severance (see CPL 200.40 [1]; People v Mahboubian, 74 NY2d 174, 183 [1989]; cf. People v McGuire, 148 AD3d 1578, 1579 [4th Dept 2017]). Where counts are properly joined pursuant to CPL 200.40 (1), a defendant may nevertheless seek severance for " 'good cause shown' " (Mahboubian, 74 NY2d at 183). "Good cause . . . includes, but is not limited to, a finding that a defendant 'will be unduly prejudiced by a joint
trial' " (id., quoting CPL 200.40 [1]). "Upon such a finding of prejudice, the court may order counts to be tried separately, grant a severance of defendants or provide whatever other relief justice requires" (CPL 200.40 [1]). Where, as here, "the same evidence is used to prove the charges against each defendant, a joint trial is preferred and severance will . . . be granted [only] for the most cogent reasons" (People v Dickson, 21 AD3d 646, 647 [3d Dept 2005]; see CPL 200.40 [1]; People v Bornholdt, 33 NY2d 75, 87 [1973], cert denied 416 US 905 [1974]). We conclude that the court did not abuse its discretion in denying defendant's motions inasmuch as " 'there was no irreconcilable conflict between the defenses presented nor was there a significant danger that any alleged conflict led the jury to infer any defendant's guilt . . . [, and] no defendant took an aggressive adversarial stance against another' " (People v Isaac, 195 AD3d 1410, 1411 [4th Dept 2021], lv denied 37 NY3d 992 [2021]; see People v De Los Angeles, 270 AD2d 196, 197-198 [1st Dept 2000], lv denied 95 NY2d 889 [2000]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court